# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE DELAWARE AUCTIONEERS
ASSOCIATION,

    Plaintiff,

    v.

DELAWARE REAL ESTATE
COMMISSION,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N15C-04-012 JRJ

## ORDER

**AND NOW TO WIT,** this 10th day of August, 2016, upon consideration of Plaintiff the Delaware Auctioneer Association's Motion for Summary Judgment[1] and Defendant the Delaware Real Estate Commission's response,[2] **IT APPEARS THAT:**

1. Plaintiff the Delaware Auctioneers Association (the "Auctioneers Association") is a trade association for auctioneers engaged "in the business of crying sales of real and personal property" in Delaware.[3] On April 1, 2015, the Auctioneers Association filed a Complaint challenging Defendant the Delaware Real Estate Commission's (the "Real Estate

---

[1] Plaintiff's Opening Brief in Support of Plaintiff's Motion for Summary Judgment ("Pl.s' Mot. Summ. J.") (Trans. ID. 58967587); Plaintiff's Reply Brief in Support of Plaintiff's Motion for Summary Judgment (Trans. ID. 59128755).

[2] Defendant Delaware Real Estate Commission's Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment (Trans. ID. 59067217).

[3] Compl. ¶¶ 2–3 (Trans. ID. 57005823).

Commission") authority to promulgate 24 *Del. Admin. C.* §§ 2900-1.4.1–1.4.1.3, 8.3, and 8.4.1 (the "Contested Regulations").[4] The Contested Regulations concern the scope of the "auctioneer" exemption from the licensing requirements of Chapter 29 of Title 24 of the Delaware Code.[5] The Auctioneers Association seeks to have the Contested Regulations declared unlawful, arguing that the Real Estate Commission lacks the statutory authority to promulgate regulations that clarify a "complete, clear, unambiguous and blanket exemption."[6]

2. Pursuant to 29 *Del. C.* § 10141(a), "[a]ny person aggrieved by and claiming the unlawfulness of any regulation may bring an action in the Court for declaratory relief." [7] "Upon review of regulatory action, the agency action shall be presumed to be valid and the complaining party shall have the burden of proving . . . that the regulation, where required, was adopted without a reasonable basis on the record or is otherwise unlawful."[8] Whether the adoption of the Contested Regulations is within the Real Estate Commission's § 2906 authority to

---

[4] The Auctioneers Association seeks a declaratory judgment that the Real Estate Commission did not have statutory authority to adopt the Contested Regulations, and that the Contested Regulations are "null and void and without force or effect." Compl. ¶ 22.

[5] 24 *Del. C.* § 2901(a) ("No person shall engage in the practice of providing real estate services or hold himself or herself out to the public in this State as being qualified to practice the same; or use in connection with that person's name, or otherwise assume or use, any title or description conveying or tending to convey the impression that the person is qualified to practice real estate services, unless such person has been duly licensed under this chapter."); 24 *Del. C.* § 2901(e) ("This chapter shall not apply to . . . [a]n 'auctioneer' as defined in § 2301(a)(3) of Title 30.").

[6] Pl.'s Mot. Summ. J. at 11.

[7] 24 *Del. C.* § 2906 requires that all rules and regulations promulgated by the Real Estate Commission be promulgated in accordance with the Administrative Procedures Act, 29 *Del. C.* §§ 10101–10161.

[8] 29 *Del. C.* § 10141(e).

2

promulgate rules and regulations is a matter of statutory construction and can be decided as a matter of law.[9]

3. Section 2901(a) of Title 24 prohibits anyone who is not duly licensed under Chapter 29 of Title 24 from engaging "in the practice of providing real estate services." However, § 2901(e)(4) provides that "[a]n auctioneer as defined in § 2301(a)(3) of Title 30" is exempt from Chapter 29 of Title 24. Section 2301(a)(3) defines an "auctioneer" as "every person engaged in the business of crying sales of real or personal property on behalf of other persons for profit."[10]

4. The Real Estate Commission is a professional licensing board created by the General Assembly whose "primary objective . . . is to protect the general public . . . from unsafe practices [in the practice of providing real estate services] and from occupational practices which tend to reduce competition or fix the price of services rendered."[11] Pursuant to 24 *Del. C.* § 2906, the Real Estate Commission has the authority to promulgate rules and regulations that "implement or clarify" any section of Chapter 29 of Title 24.[12] In 2015, the Real Estate Commission promulgated the Contested Regulations, "clarifying" the auctioneer exemption by defining the "business of crying sales" as "the public event or sale

---

[9] *Am. Ins. Ass'n v. Delaware Dep't of Ins.*, 2008 WL 44322, at *5 (Del. Super. Jan. 2, 2008) (citing *E.I. du Pont de Nemours and Co., Inc. v. Shell Oil Co.*, 498 A.2d 1108, 1113 (Del. 1985)).
[10] 30 *Del. C.* § 2301(a)(3).
[11] 24 *Del. C.* § 2900(a).
[12] *Id.* § 2906(a)(1).

3

occurring on an advertised date, when an auctioneer engages in the act of crying . . . ."[13] The Contested Regulations further specify that the exemption "shall only apply to the day of the auction."[14]

5. In its Final Order promulgating the Contested Regulations, the Real Estate Commission reasoned that the auctioneer exemption should cover the day of the auction—the time during which auctioneers conduct auctions and "wrap up the details of the transaction"—but auctioneers who "negotiate with other bidders after the actual auction" would be providing real estate services outside the legitimate scope of the exemption.[15] The Real Estate Commission found that clarifying the scope of the auctioneer exemption protected the public by preserving the auctioneer's ability to conduct auctions and complete auction transactions while ensuring that only those duly licensed provided real estate services once the auction was complete.[16]

6. The Real Estate Commission acted within its authority, and the Contested Regulations are valid. Section 2901(e)(4) provides that an auctioneer "as defined in § 2301(a)(3) of Title 30" is exempt from Chapter 29 of Title 24's licensing requirements. Section 2301(a)(3) defines an "auctioneer" as "every person

---

[13] 24 *Del. Admin. C.* § 2900-1.4.1.1.

[14] *Id.*

[15] 18 *Del. Reg.* 789, 792 (Apr. 2015), *available at* http://regulations.delaware.gov/documents/April2015c.pdf.

[16] *Id.* at 792–93 ("Requiring licensure for the practice of real estate ensure accountability pursuant to the jurisdiction of the Commission.").

4

engaged in the business of crying sales of real or personal property on behalf of other persons for profit." Pursuant to 24 *Del. C.* § 2906, the Real Estate Commission has authority to implement and clarify the provisions of Chapter 29 of Title 24,[17] and the Contested Regulations clarify that a person is "engaged in the business of crying sales" on the day they conduct an auction.

**NOW THEREFORE**, for the foregoing reasons, Plaintiff the Delaware Auctioneers Association's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

Jan. R. Jurden, President Judge

---

[17] *E. Commercial Realty Corp. v. Fusco*, 654 A.2d 833, 835 (Del. 1995) ("[A] broad grant of authority by the General Assembly to an administrative agency is to 'be construed so as to permit the fullest accomplishment of the legislative intent,' and the administrative agency is deemed to be given all the 'power that is reasonably necessary to execute that . . . authority.'" (quoting *Atlantis I Condo. Ass'n v. Bryson*, 403 A.2d 711, 713 (Del. 1979))).